Dr. Dariuash Adli, Esq. (SBN 204959)
adli@adlilaw.com
Drew H. Sherman (SBN 237045)
drew.sherman@adlilaw.com
Adli Law Group, P.C.
444 South Flower St., Suite 3100
Los Angeles, CA 90071
Telephone: 213-623-6546
Facsimile: 213-623-6554

Attorney for Plaintiffs

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID HAKIM, an individual; SAN JULIAN DISCOUNT MART, INC., a California Corporation, f/b/n MURANO HOME FURNISHING; and Mybecca, Inc., a California Corporation;<br><br>                    Plaintiffs,<br><br>v.<br><br>MURANO, INC., a California Corporation, a/k/a URBAN MALL; MURANO SHADES, INC.,  a California Corporation; MURANO WORLD IMPORTS, a business of unknown formation; BAHRAM DADBIN,  a/k/a DANNY DADBIN a/k/a DANNY MURANO, an individual; JASON DADBIN, an individual; JOSHUA DADBIN, an individual; and DOES 1 through 20, inclusive,<br>                    Defendants. | **CASE NO.**<br><br>**COMPLAINT FOR:**<br><br>**Equitable Indemnification; Fraudulent Inducement; Conversion; Embezzlement; Breach of Fiduciary Duty; Constructive Trust; Quiet Title; Declaratory Relief; Money Had and Received; Appointment of Receiver; Breach of Contract; Conspiracy to Commit Fraud; Breach of Covenant of Good Faith and Fair Dealing; Breach of California B&P Section 17200; Intentional Interference with Prospective Economic Advantage; Trade Libel; Injunctive Relief; Federal Unfair Competition and False Designation of Origin; Common Law Trademark Infringement; Palming Off**<br><br>**DEMAND FOR JURY TRIAL** |

**COMPLAINT** – 1

PLAINTIFFS, DAVID HAKIM, an individual; SAN JULIAN DISCOUNT MART, INC., a California Corporation, f/b/n MURANO HOME FURNISHING; and Mybecca, Inc., a California Corporation, hereby complains and alleges as follows against Defendants MURANO, INC., a California Corporation, a/k/a URBAN MALL; MURANO SHADES, INC., a California Corporation; MURANO WORLD IMPORTS, a business of unknown formation; BAHRAM DADBIN, a/k/a DANNY DADBIN a/k/a DANNY MURANO, an individual; JASON DADBIN, an individual; JOSHUA DADBIN, an individual; and DOES 1 through 20 (collectively "Defendants"):

# I.

## **JURISDICTION**

1.      This Court has original subject matter jurisdiction over the claims that relate to false designation of origin pursuant to 15 U.S.C. §1125(a) pursuant to 28 U.S.C. § 1331 and 1338(a), as these claims arise under the laws of the United States. The Court has supplemental jurisdiction over the claims in this Complaint which arise under state statutory and common law pursuant to 28 U.S.C. § 1367(a) because the state law claims are so related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative facts.

2.      This Court has personal jurisdiction over the Defendants because they have a continuous, systematic, and substantial presence within this judicial district.

3.      Venue is proper in this Judicial District pursuant to 28 U.S.C. §1391(b) and (c).

## II.

## THE PARTIES

4.          At all times herein mentioned, Plaintiff David Hakim ("Hakim" or "Plaintiff") was and now is an individual residing in the County of Los Angeles, State of California.

5.          At all times herein mentioned, Plaintiff San Julian Discount Mart, Inc., f/b/n Murano Home Furnishing ("SJD" or "Plaintiff") was and now is a California Corporation with principle place of business in downtown Los Angeles. Hakim is the majority owner, a director of the board, and executive for SJD.

6.          At all times herein mentioned, Plaintiff Mybecca, Inc. ("Mybecca" or "Plaintiff") was and now is a California Corporation with principle place of business in downtown Los Angeles.  Hakim is the majority owner, a director of the board, and executive for Mybecca.

7.          Plaintiffs are informed and believe, and thereon allege that at all times herein mentioned Defendants Bahram Dadbin a/k/a Danny Dadbin a/k/a Danny Murano, Jason Dadbin, Joshua Dadbin, and DOES 1 through 10 (individually and collectively "Dadbin"), inclusive, and each of them, were and now are residents in the County of Los Angeles, State of California.  At all times herein mentioned, Dadbin was and are directors, shareholders, and executive of Urban (see below).

8.          Plaintiffs are informed and believe, and thereon allege that at all times herein mentioned Defendants Murano, Inc., a California Corporation, d/b/a Urban Mall, Murano Shades, Inc., a California corporation, Murano World Imports, a business of unknown formation, and DOES 11 through 20, inclusive, and each of them (individually and collectively "Urban"), were corporations organized, authorized, licensed and doing business in the County of Los Angeles, State of California.

9.        Plaintiffs are informed and believe, and thereon allege that at all times herein mentioned, Defendants Urban, inclusive, and each of them, were and are businesses owned by Dadbin as a sole proprietorship, and organized, authorized, and doing business in the County of Los Angeles, State of California.

10.       At all times herein mentioned, Dadbin and Urban shall be individually and collectively referred to as "Defendants."

11.       At all times herein mentioned, Plaintiffs were and now are unaware of the true names and capacities, whether individual, corporate, associate, or otherwise, of Defendants and DOES 1 through 20, inclusive, and each of them, and therefore sues said Defendants by such fictitious names.  Plaintiffs will seek leave of Court to amend this Complaint accordingly when the true names and capacities of said Defendants have been ascertained.

12.       At all times herein mentioned, Defendants, and each of them, were and now are the agents, employees, joint venturers, partners, shareholders, officers, directors, shareholders, managers, associates, co-conspirators, joint tortfeasors and alter egos of each of the other Defendants named herein, and in doing the things hereinafter alleged were acting within their individual capacities, and within the course and scope of their authority as such agents employees, joint venturers, partners, shareholders, officers, directors, shareholders, managers, associates, co-conspirators, joint tortfeasors and alter egos.

13.       Plaintiffs are informed and believe, and thereon allege that at all times herein mentioned:

        a.      Defendants, and each of them were the alter egos of each other;

        b.      Defendants Urban were and now are mere shells and sham organizations, corporations, partnerships, and limited liability companies,

organized and existing solely for the personal use and benefit of Defendants Dadbin;

       c.     Defendants Urban were and now are mere conduits and instrumentalities through which Defendants Dadbin conducted their own personal affairs;

       d.     the businesses and business affairs, books and records, finances, money, employees and capital of Defendants Urban were commingled and were not kept separate and apart, to such extent that there is no distinction between these entities and Defendants Dadbin;

       e.     Defendants, and each of them were undercapitalized and insolvent;

       f.     Defendants Urban failed and continue to fail to follow, maintain and abide by corporate formalities;

       g.     Defendants, and each of them did not even attempt to hide their alter egos[1].

To recognize any distinction between the aforesaid individual Defendants and corporate Defendants, given Defendants did not and any distinction among the corporate Defendants, would sanction fraud and promote injustice.

## III.

## COMMON ALLEGATIONS TO ALL CLAIMS OF RELIEF

14.     In or about the winter of 2010, SJD filed for the fictitious business name, "Murano Home Furnishing", with Los Angeles County.

15.     In or about the winter of 2010, Defendant Danny Murano joined the Plaintiff's company to manage Plaintiff's Fabric business, then a few months later,

---

[1] For example, the Urban Defendants were all operated by the same individuals, holding meetings for the individual businesses by incorporating them into a general meeting for the Defendants,' commingling revenues from the business.

the online business, due in fact, partly, upon Danny Murano's verbal, in person representations to Hakim during Danny Murano's interviews and negotiations with Plaintiffs in 2010 that he was experienced in managing such businesses.

16.     Plaintiffs are informed and believe, and thereon allege that around that same time, Defendant Danny Murano obtained the domain name "muranoinc.net" for the benefit of Plaintiff's online business by purchasing the domain name using Plaintiff's monies.

17.     Defendant Danny Murano verbally represented to Hakim in November 2010 at one of their usual management meetings that he set up accounts with Amazon, Bonanza, Etsy, and ebay under Murano Home Furnishing in order to market and sell Plaintiff's goods.  The Amazon account was linked to Murano Home Furnishing bank accounts.  The Bonanza, Etsy, and ebay accounts were linked to a Paypal account owned by Plaintiff[2].  Collectively, these accounts were set up this way to facilitate for payments of fees and flow of revenues.  However, Plaintiffs are informed and believe, and thereon allege that Defendant Danny Murano linked his own personal bank account to the Plaintiff's Paypal account, and listed Dadbin as the Plaintiffs' contact with the various online retail websites accounts so that Dadbin could dictate the access to and what information Plaintiffs received from the online retail websites, and to divert Plaintiffs' monies from such websites as Ebay, Bonanza, and Etsy to Dadbin's own personal bank account.

18.     Plaintiffs are informed and believe, and thereon allege that in or about Fall of 2012, Defendant Danny Murano purchased UPC barcodes for Plaintiff's products using Plaintiff's money and having the certificates titled in the name of Plaintiff.

---

[2]  User collect their money from their Paypal account by usually linking the Paypal account to the user's bank account or credit card, etc.)

19.        In or about Summer 2014, Defendant Danny Murano hired his sons, Defendant Jason and Josh Dadbin, on behalf of Plaintiffs to help with the operation and management of Plaintiffs' online businesses.  Defendants Jason and Josh Dadbin only lasted a few months with Plaintiffs as employees.

20.        In or about Fall 2014, Plaintiff noticed that Defendant Danny Murano was taking monies over and above his salary from the registers at the Plaintiff's brick and mortar store location.

21.        In or about Winter 2014, Plaintiff received a call from Paypal corporate offices informing Plaintiff that someone from Plaintiff's offices linked another bank account to the Paypal account.  Plaintiffs are informed and believe, and thereon allege that the other bank account linked to Plaintiff's Paypal account belonged to Defendants.  Plaintiff's investigation into the issue shows that, at least $163,000 was funneled from Plaintiff's Paypal account to the unauthorized third party bank account.

22.        Plaintiffs are informed and believe, and thereon allege that Dadbin organized and incorporated Murano, Inc. and Murano Shades, Inc. in California in July and August of 2014, respectively, using Plaintiffs' warehouse address of 817 San Julian St. #303, Los Angeles, CA 90014, as both corporations' principal places of business..

23.        Plaintiffs are informed and believe, and thereon allege that commencing in the Fall of 2012 and continuing through the Fall of 2014, Dadbin began to attempt to assign Plaintiffs' Barcodes and UPC Certificates to themselves and/or Urban on an incremental basis so as to not alert Plaintiffs to their actions.

24.        Plaintiffs are informed and believe, and thereon allege that commencing in late 2014, Dadbin began diverting Plaintiff's Amazon listings to their own control, started placing Plaintiff's Barcodes on their products, and had

applied for registration of a trademark in "Murano Home Furnishing," even though Plaintiff was the original user of the "Murano Home Furnishing" trademark.

25.        Between Summer and Fall 2014, Dadbin orally represented to Hakim in person at multiple management meetings of Plaintiff, as well as on the phone and over email in the ordinary course of Plaintiffs' businesses, that Dadbin was bringing, and did, in fact, bring, a $450,000 contract to provide window furnishings for a 32 story building in Los Angeles as the window furnishing sub-contractor for the Canadian Real Estate Developer ("Canadian") overseeing the entire building.  Plaintiffs purchased and provided the Canadian with the required window furnishings samples for the entire 32 story building contract in February 2015.  Plaintiffs have not been paid or received any of the supposed $450,000 from the contract with the Canadian .  Plaintiffs are informed and believe, and thereon allege that Dadbin actually knowingly misrepresented themselves to Plaintiffs throughout the entire agreement with the Canadian for the 32 story building contract, and intended to and made the 32 story building contract with the Canadian under Defendants' Murano Shades, Inc. corporation so that Defendants could realize the $450,000 from the contract with the Canadian but have Plaintiffs' pay the costs of acquiring and providing the window furnishings protocols and samples.

26.        Defendant Danny Murano ceased working for Plaintiffs in February 2015 right after  Defendant signed a contract with Canadian.

27.        Plaintiffs are informed and believe, and thereon allege that the Dadbin Defendants entered into a scheme, conspiracy, and premeditated plan to gain Plaintiff's trust, under the guise of being dedicated managers and employees for Plaintiff, so they could gain knowledge of and access to Plaintiffs' PayPal, Amazon, Ebay, ETsy, and Bonanza accounts, credit cards, bank, computer data, and email accounts, and the associated logins, passwords, and security information,

**COMPLAINT** – 8

to, thereby, steal Plaintiffs' money, property, products, bar codes, accounts, vendors, customers, businesses, and goodwill.

28.        Plaintiffs are informed and believe, and thereon allege that commencing sometime in late 2014 and continuing through the present, Defendants, and each of them, nefariously, and with knowledge of the wrong doing and impropriety of their actions, logged in to Plaintiffs' Amazon listing accounts to modify various pieces of information on Plaintiffs' Amazon listings, such as product price or quantity of product, with the intent to damage Plaintiffs' businesses by making Plaintiffs look incompetent and/or to create strained relationships with Plaintiffs' customers, and to troll Plaintiffs' listings to drive Plaintiffs' Amazon business to the Defendants.

29.        Plaintiffs are informed and believe, and thereon allege that Defendants are still using Plaintiffs' Barcodes on their products, without Plaintiffs' consent or approval, knowing the Barcodes belong to and are owned by Plaintiff.

30.        Plaintiffs are informed and believe, and thereon allege that Defendants are continually contacting Plaintiffs' barcode vendors, using various ruses on the vendors, to get new UPC Certificates for the Barcodes re-issued in the Defendants' name[s].

## **FIRST CAUSE OF ACTION**

(Equitable Indemnification as against all Defendants)

31.        Plaintiffs refer to the allegations set forth in Paragraphs 1 through 30 above and incorporates the same herein by this reference.

32.        Plaintiffs are informed and believe, and thereon allege that at all times herein mentioned, Plaintiffs incurred obligations in connection with their businesses at the request, actions, and/or instance of Defendants and in expectation of the consideration Plaintiff was to receive and is entitled to receive pursuant to the agreements as heretofore alleged.

**COMPLAINT** – 9

28.     Plaintiffs hereby seek and are entitled to an Order from the Court against Defendants, and each of them, indemnifying Plaintiffs and holding Plaintiffs harmless from and against any and all claims by third parties based upon the failure of Defendants, and each of them, to honor its obligations which Plaintiffs committed to on behalf of said Defendants, which Plaintiffs guaranteed or for which Plaintiffs otherwise became or will become liable based upon the wrongful and unlawful conduct of said Defendants, and each of them, as heretofore alleged.  Plaintiff also seeks an order for reimbursement of all sums he expended in connection with said Defendants and that he be indemnified therefore by said Defendants, and each of them.

## SECOND CAUSE OF ACTION

### (Fraudulent Inducement as against all Defendants)

33.     Plaintiffs refer to the allegations set forth in Paragraphs 1 through 32 above and incorporates the same herein by this reference.

34.     As stated above, between 2010 and 2015, Dadbin made specific verbal and written promises and representations to Plaintiffs through Hakim on their own behalf and on behalf of each other Defendant herein.

35.     In accordance with the foregoing promises and representations, Plaintiffs undertook the following actions:

        a.     Provided the said Defendants with the capitalization dollars requested for the Ebay, Paypal, Amazon, Etsy, Bonanza and the muranoinc.net website;

        b.     Hired, paid, allowed the said Defendants, and each of them, to control and manage the online portions of the Plaintiffs' businesses, including Plaintiffs' proprietary information, and the flow of revenues to and from Plaintiffs; and

      c.     Provided the window furnishing samples for the 32 story building.

36.      Plaintiffs are informed and believe, and thereon allege that Plaintiff was justified in relying on the aforesaid promises and representations of said Defendants, and each of them, based upon the reliable references, promises, and assertions given by the said Defendants.

37.      Plaintiffs are informed and believe, and thereon allege that, at all times herein mentioned, said Defendants made the aforesaid promises and representations with no intention of performing them and/or no belief in their veracity because, as outlined above, Defendants bad acts commenced almost immediately upon Plaintiffs' hiring of Danny Murano in 2010 and continuing through February 2015, when Bahram Dadbin a/k/a Danny Murano a/k/a Danny Dadbin ceased working for Plaintiffs.  Further, even though requested by Plaintiffs, to this date, Defendants, and each of them, have not apologized or paid any monies to Plaintiffs and are continuing to engage in the aforementioned bad acts and damage Plaintiffs.

38.      At all times herein mentioned, it was the intention of Defendants, and each of them, to solicit Plaintiff in the manner heretofore described, to lure Plaintiff to hire Dadbin, make capital investments that Defendants could use for their own benefit, and to provide Dadbin with proprietary information that Defendants could use for their own personal benefit.  At all times herein mentioned, the aforesaid fraudulent scheme was undertaken by Defendants, and each of them, knowingly, willfully, wantonly and in conscious disregard for the rights of Plaintiffs, and solely for the purpose of defrauding Plaintiffs in a deceitful and wrongful manner.

39.      As a direct and proximate result of the aforesaid fraudulent promises and representations by said Defendants, and each of them, with no intention of

performing said promises or representations, Plaintiffs has been damaged in a certain, but presently unascertained sum, but no less than $1,000,000.  Plaintiffs will seek leave of Court to amend this Complaint accordingly when the exact nature and extent of all such damages have been ascertained.

40.        Said Defendants, and each of them, in making the aforesaid false promises and representations without the intent to perform and by knowledge of their falsity acted fraudulently, willfully, wantonly, and in conscious disregard for the rights of Plaintiffs, and such conduct was and is outrageous and despicable. Plaintiffs are therefore entitled to an award of exemplary and punitive damages against Defendants, and each of them, in a sum to be determined according to proof.

### THIRD CAUSE OF ACTION

(Conversion as against all Defendants)

41.        Plaintiffs refer to the allegations set forth in Paragraphs 1 through 40, above and incorporates the same herein by this reference.

42.        From on or about 2011 and continuing through the present, Plaintiff was and now is entitled to $450,000 from the Canadian contract, the Barcodes and UPC Certificates, the trademark Murano Home Furnishing, the website muranoinc.net, and the Amazon and Ebay accounts.  On or about, 2011 and continuing thereafter, respectively and as applicable, Plaintiffs are informed and believe, and thereon allege that Defendants, and each of them, took sole and exclusive possession and custody of the aforesaid properties of Plaintiffs and have refused to deliver possession thereof to Plaintiffs.

43.        Plaintiffs are informed and believe, and thereon allege that at all times herein mentioned, Plaintiffs had and have the sole and exclusive rights to immediate possession of the aforesaid properties, respectively and as applicable,

which said Defendants, and each of them, continue to hold and possess to the exclusion of the Plaintiffs.

44.         Plaintiffs are informed and believe, and thereon allege that as a direct and proximate result of the aforesaid conversion of properties of Plaintiffs, respectively and as applicable, by said Defendants, and each of them, Plaintiffs have been and continue to be damaged in a certain, but yet ascertained sum, including all sums expended by Plaintiffs in pursuit of recovery of the aforementioned respective properties.

45.         The aforesaid conduct by said Defendants, and each of them, was willful, intentional, malicious, and fraudulent and was undertaken in conscious disregard for the rights of Plaintiffs with the sole and exclusive purpose of causing Plaintiffs humiliation and financial ruin.  Plaintiffs hereby seek an award of exemplary and punitive damages in a sum to be determined according to proof.

## FOURTH CAUSE OF ACTION

### (Embezzlement against Dadbin)

46.         Plaintiffs refer to the allegations set forth in Paragraphs 1 through 45, above and incorporate the same herein by this reference.

47.         At all times herein mentioned, Dadbin, and each of them, were and are in a trusted position as Plaintiffs' managers, whereby they were handling the Plaintiffs' finances.

48.         Plaintiffs are informed and believe, and thereon allege that at all times herein mentioned, Dadbin, and each of them, used their trusted position in handling the finances for Plaintiffs to fraudulently gain access, knowledge, and use of the aforementioned proprietary information of Plaintiffs for their own personal uses, such as siphoning off cash from the Plaintiffs' Paypal accounts and skimming money from the SJD's registers; not for the uses for which they were entrusted.

49.        Plaintiffs are informed and believe, and thereon allege that Dadbin, and each of them, used the aforementioned fraudulent practices to permanently deprive the Plaintiffs of monies and property.

50.        Plaintiffs are informed and believe, and thereon allege that by engaging in the aforesaid acts, practices, behavior, and conduct complained of hereinabove, Dadbin, and each of them, embezzled funds from Plaintiffs.

51.        Plaintiffs are informed and believe, and thereon allege that as a direct and proximate result of the aforementioned embezzlement, said Defendants, and each of them, Plaintiff has been damaged in a certain, but presently unascertained sum, but no less than $1,000,000.  Plaintiffs will seek leave of Court to amend this Complaint accordingly when the exact nature and extent of all such damages has been ascertained.

52.        The aforesaid conduct by said Defendants, and each of them, was willful, intentional, malicious, and fraudulent and was undertaken in conscious disregard for the rights of Plaintiffs with the sole and exclusive purpose of causing Plaintiffs financial ruin.  Plaintiffs hereby seek an award of exemplary and punitive damages in a sum to be determined according to proof.

## FIFTH CAUSE OF ACTION

(Breach of Fiduciary Duty against Dadbin)

53.        Plaintiff refers to the allegations set forth in Paragraphs 1 through 52, above and incorporate the same herein by this reference.

54.        Plaintiffs are informed and believe, and thereon allege that at all times herein mentioned, Dadbin's role as manager, respectively, put them in a special relationship in regards to the Plaintiffs, in that the said Defendants, and each of them were in a trusted position for the Plaintiffs, creating fiduciary relationships between Plaintiffs and said Defendants.

55.         Plaintiffs are informed and believe, and thereon allege that at all times herein mentioned, said Defendants, and each of them, breached these respective fiduciary relationships in regards to the Plaintiffs by committing acts of fraud, theft, misappropriation, embezzlement, abuse of position, mismanagement, as a way to siphon off more money and property from Plaintiffs without having to account to the federal and state governments, and the Plaintiffs.

56.         Plaintiffs are informed and believe, and thereon allege that by engaging in the aforesaid acts, practices, behavior, and conduct complained of hereinabove, said Defendants, and each of them, breached their respective fiduciary duties they each had towards the Plaintiffs in that the said Defendants, and each of them, failed to act with proper skill, care, diligence, and in a professional manner as a similarly situated, respective manager in the same position.

57.         Plaintiffs are informed and believe, and thereon allege that as a direct and proximate result of the aforementioned breach of the respective fiduciary duties, said Defendants, and each of them, Plaintiffs have been damaged in a certain, but presently unascertained sum, but no less than $1,000,000.  Plaintiffs will seek leave of Court to amend this Complaint accordingly when the exact nature and extent of all such damages has been ascertained.

58.         Plaintiffs are informed and believe, and thereon allege that the aforesaid conduct by said Defendants, and each of them, was willful, intentional, malicious, and fraudulent and was undertaken in conscious disregard for the rights of Plaintiffs with the sole and exclusive purpose of causing Plaintiffs humiliation and financial ruin.  Plaintiffs hereby seek an award of exemplary and punitive damages in a sum to be determined according to proof.

**COMPLAINT** - 15

# SIXTH CAUSE OF ACTION

(Constructive Trust against all Defendants)

59.        Plaintiff refers to the allegations set forth in Paragraphs 1 through 58 above and incorporates the same herein by this reference.

60.        Plaintiffs are informed and believe, and thereon allege that at all times herein mentioned, Defendants, and each of them, did not properly acquire the Plaintiffs' proprietary information, monies, interests, and assets described above, but, rather, siphoned money off for their own personal uses as outlined in the above examples.

61.        Plaintiffs are informed and believe, and thereon allege that the improper acquisition by the Defendants of the Plaintiffs' aforementioned proprietary information, monies, interests, and assets, Defendants, and each of them, obtained huge profits, gains, and windfalls over and above what the Defendants, and each of them, would have obtained by acquiring the aforementioned property and interests through proper channels, which said profits belong, in equity and law, to Plaintiffs.

62.        Plaintiffs are informed and believe, and thereon allege that Defendants, and each of them, have derived, or will in the future, derive huge, illicitly obtained profits, gains, and windfalls from possession, use, development and/or sale of the property, monies, assets, and interests mentioned above, of which said profits, gains, and windfalls belong, in equity and law, to Plaintiffs.

63.        Plaintiffs are informed and believe, and thereon allege that the receipt and retention of the aforementioned property, interests, assets, and monies, and resulting profits, gains, windfalls, and/or ownership and use by the Defendants, and each of them, of said property, interests, monies, and assets, is a violation of Plaintiffs rights thereto, and said Defendants have undertaken said conduct to the detriment and exclusion of Plaintiffs.  The exact nature and extent of all such

profits remains unascertained, and Plaintiffs will seek leave of court to amend this Complaint accordingly when the exact nature and extent thereof becomes known.

64.        By reason of the aforementioned acts of said Defendants, and each of them, Plaintiff has been damaged by the loss of use of said property, interests, assets, and monies, and the resulting profits and gains; and Plaintiffs seek a declaration and decree that Defendants, and each of them, are constructive trustees of all money, property, assets, interest, profits, gains, revenues, and/or things of value derived from Defendants', and each of them, dealings with Plaintiffs.

## SEVENTH CAUSE OF ACTION

### (Quiet Title against all Defendants)

65.        Plaintiffs refer to the allegations set forth in Paragraphs 1 through 64, above and incorporates the same herein by this reference.

66.        Plaintiffs are informed and believe, and thereon allege that at all times herein mentioned, Plaintiffs were and now are the equitable owners of, or has the right to the aforesaid interests in the intellectual property at issue, the muranoinc.net domain, the Barcodes, the UPC Certificates, the Amazon and Ebay listings, the Paypal accounts and monies, the Canadian contract, and the revenues derived from those items.  Plaintiffs were seized of the above-described property within five years of the commencement of this action.

67.        Plaintiffs are seeking to quiet title against the claims of the Defendants, and each of them, in that said Defendants claim that they are the owners of said properties, interests, assets, and monies.  The claims of said Defendants, and each of them, are without any right whatsoever, and said Defendants have no right, title, estate, lien, or interest whatsoever in the above-referenced property, interests, assets, and monies.

68.        Plaintiffs seek to quiet title as of January 1, 2010, which, as Plaintiffs are informed and believe, and thereon allege, is the date when the applicable

Defendants, and each of them, commenced acting on their conspiracy against Plaintiffs.

## EIGHTH CAUSE OF ACTION

### (Declaratory Relief against all Defendants)

69.        Plaintiffs refer to the allegations set forth in Paragraphs 1 through 68 above and incorporates the same herein by this reference.

70.        Plaintiffs claim that they have an absolute and exclusive right, respectively, to possession, ownership, and title to the aforesaid properties, assets, interests, and monies, and the revenues generated thereby, based upon, but not limited to, the contractual relationships between Plaintiffs and Dadbin, and each of them, the promises and representations outlined above by the applicable Defendants, Plaintiffs' purchase and creation of those properties, assets, interests, and monies, and traditional principals of business, ownership, and equity.

71.        Plaintiffs are informed and believe, and thereon allege that Defendants, and each of them, contend that they were and are entitled to such properties, assets, interests, monies, and revenues, and have refused to respond to Plaintiffs' demands.

72.        Plaintiffs seek judicial determinations by the Court as to the rights, duties, and obligations of the parties herein.  Plaintiffs seek declarations by the court that Plaintiffs have the absolute and exclusive right to possession, ownership, and title to the aforesaid properties, assets, interests, monies, and revenues, and that Defendants breached the aforementioned duties, agreements, and obligations to Plaintiffs, and committed fraud and embezzlement against Plaintiffs.

## NINETH CAUSE OF ACTION

### (Money Had and Received as against all Defendants)

73.        Plaintiffs refer to the allegations set forth in Paragraphs 1 through 72 above and incorporates the same herein by this reference.

74.         Plaintiffs are informed and believe, and thereon allege that at all times herein mentioned, at Los Angeles, California said Defendants became indebted to Plaintiffs, in a sum to be determined according to proof, but for no less than $1,000,000, for money had and received by said Defendants, and each of them, for the use and benefit of Plaintiff.

75.         Notwithstanding the demand therefore, said Defendants, and each of them, have failed, and continue to fail to pay Plaintiffs, plus interest thereon.

## TENTH CAUSE OF ACTION

(Appointment of Receiver as against all Defendants)

76.         Plaintiffs refer to the allegations set forth in Paragraphs 1 through 75 above and incorporates the same herein by this reference.

77.         Plaintiffs are informed and believe, and thereon allege that at all times herein mentioned, Dadbin, and each of them, breached their respective fiduciary duties to Plaintiffs by committing acts of fraud, abuse of position, mismanagement, including, but not limited to, embezzling Plaintiffs' resources to pay off their own personal debts and create their own businesses (Urban) and to take unreported income from Plaintiffs for their personal benefit, all to the detriment of the Plaintiff.

78.         Plaintiffs are informed and believe, and thereon allege that all Defendants are insolvent, have no real assets, do not own real estate in the United States, only deal in cash, and, as such and due to the fact that the aforesaid and previously mentioned wrongful conduct of Defendants, and each of them, there is an imminent threat of irreparable harm to Plaintiffs as Defendants, and each of them, will not be able to satisfy any judgment gotten by Plaintiffs herein and can flee the United States with cash on hand unless the Court appoints a receiver pedente lite to take over the affairs, management, operation, and control of Defendants, such that Plaintiffs therefore seek the immediate appointment of a

receiver and Court order that the cost and expenses of such receivership be first initially paid by and from the receipts of Urban, then from Dadbin, and each of them.

## ELEVENTH CAUSE OF ACTION

(Breach of Contract Against Dadbin)

79.　　　Plaintiffs refer to the allegations set forth in Paragraphs 1 through 78 above and incorporates the same herein by this reference.

80.　　　Plaintiffs are informed and believe, and thereon allege that Hakim and SJD, on the one hand, and Dadbin, and each of them, on the other hand, entered into verbal contracts, respectively, for Dadbin, and each of them, to be managers of and administer the marketing, finances, and internet sales, respectively, for Plaintiffs in consideration for monthly and weekly salaries or commission as applicable.

81.　　　Plaintiffs are informed and believe, and thereon allege that, included in the contracts between the respective parties, Dadbin, and each of them, had the obligation to Plaintiffs to keep proprietary information, including, but not limited to, customer lists, vendor lists, account information, and financial information, gained by their positions with Plaintiffs confidential, in trust, not to be used for their own benefit, as a fiduciary for Plaintiffs, and to manage the subject areas according to industry standards and in the best interests of the Plaintiffs.

82.　　　Plaintiffs have performed all acts, conditions, covenants, promises and other obligations required to be performed by them pursuant to the terms of the contracts, except as prevented or excused by Dadbin's, and each of them, conduct or by operation of law.

83.　　　 Plaintiffs are informed and believe, and thereon allege that Dadbin, and each of them, have breached the contracts, by failing and refusing, and

continuing to fail and refuse, to keep to the aforementioned obligations of their manager positions.

84.       Plaintiffs are informed and believe, and thereon allege that as a direct and proximate result of the breaches of the contracts by Dadbin, and each of them, Plaintiffs suffered and continues to suffer damages in an amount according to proof at trial, but not less than $1,000,000.

## TWELFTH CAUSE OF ACTION

### (Conspiracy to Commit Fraud, Against all Defendants)

85.       Plaintiffs refer to the allegations set forth in Paragraphs 1 through 84 above and incorporates the same herein by this reference.

86.       Plaintiffs are informed and believe, and thereon allege that in or about January 2010, the Defendants, and each of them, knowingly and willfully conspired amongst themselves to fraudulently induce Plaintiffs to enter into contracts for Dadbin's, and each of them, management services, without the intent to perform their end of the contracts, in order for Defendants to gain access, knowledge, and possession over Plaintiffs' various proprietary information for their own benefit and personal use.

87.       Plaintiffs are informed and believe, and thereon allege that, as outlined above, Dadbin's, and each of them, representations were false at the time they were made to Hakim.

88.       Plaintiffs are informed and believe, and thereon allege that Dadbin, and each of them, knew such representations were false when they made them.

89.       Plaintiffs were ignorant of the fact that Defendants representations were false, and Plaintiffs could not, in the exercise of reasonable diligence have discovered Defendants' secret intentions.

90.       Defendants made such representations with the intent that Plaintiffs would rely on them, and Plaintiffs so reasonably relied.

91.        Plaintiffs were and continue to be harmed by Dadbin's, and each of them, misrepresentations as above outlined.

92.        Plaintiffs are informed and believe, and thereon allege that Defendants and each of them did the acts and things herein alleged pursuant to, and in furtherance of, the conspiracy and above-alleged agreement.  Plaintiffs are informed and believe, and thereon allege that Defendants, furthered the conspiracy by cooperation with the other Defendants.

93.        Plaintiffs are informed and believe, and thereon allege that as a direct and proximate result, Plaintiffs have been damaged in an amount to be proven at trial, but not less than $1,000,000.

94.        Plaintiffs are informed and believe, and thereon allege that the aforesaid conduct of Defendants was part of an act of malice and intentional deceit with the intention and effect of causing Plaintiffs loss and injury, in conscious disregard of Plaintiffs' rights and interest, so as to justify an award of punitive damages.

## THIRTEENTH CLAIM FOR RELIEF

(Breach of Covenant of Good Faith and Fair Dealing Against Dadbin)

95.        Plaintiffs refer to the allegations set forth in Paragraphs 1 through 94 above and incorporates the same herein by this reference.

96.        Plaintiffs are informed and believe, and thereon allege that Dadbin's, and each of them, actions, including, but not limited to, nefariously inducing Plaintiff to enter into the contracts, gaining access to Plaintiffs' proprietary information, and making changes to Plaintiffs' Amazon listings simply to damage Plaintiffs' reputations and businesses, Dadbin, and each of them, have prevented Plaintiff from receiving the benefits of the contracts as well as their just profits.

97.        Plaintiffs are informed and believe, and thereon allege that the contracts contained an implied covenant of good faith and fair dealing.

98.      Plaintiffs are informed and believe, and thereon allege that by engaging in the aforesaid acts, practices, behavior and conduct complained of herein, Dadbin, and each of them, breached the implied covenant of good faith and fair dealing contained in said contracts.

99.      Plaintiffs are informed and believe, and thereon allege that as a direct and proximate result, Plaintiffs have been and continue to be damaged in an amount to be proven at trial, but not less than $1,000,000.

100.     Plaintiffs are informed and believe, and thereon allege that the aforesaid conduct of Dadbin was part of an act of malice and intentional deceit with the intention and effect of causing Plaintiffs loss and injury, in conscious disregard of Plaintiffs' rights and interest, so as to justify an award of punitive damages.

## FOURTEENTH CLAIM FOR RELIEF

(Breach of California Business and Professions Code Section 17200, et seq, Against All Defendants)

101.     Plaintiffs refer to the allegations set forth in Paragraphs 1 through 100 above and incorporates the same herein by this reference.

102.     California Business and Professions Code Sections 17200, et seq., prohibit unfair, unlawful, and fraudulent business practices.

103.     As described above, Plaintiffs are informed and believe, and thereon allege that Defendants engaged in such unlawful, unfair, and fraudulent business practices, including, but not limited to, inducing Plaintiffs to enter into and perform under contracts, gaining access to Plaintiffs' proprietary information, and making changes to Plaintiffs' Amazon listings simply to damage Plaintiffs' reputations and businesses.

104.        Plaintiffs are informed and believe, and thereon allege that as a direct and proximate result, Plaintiffs have been and continue to be damaged in an amount to be proven at trial, but not less than $1,000,000.

105.        Plaintiffs are informed and believe, and thereon allege that the aforesaid conduct of Defendants was part of an act of malice and intentional deceit with the intention and effect of causing Plaintiffs loss and injury, in conscious disregard of Plaintiffs' rights and interests, so as to justify an award of punitive damages.

## FIFTEENTH CLAIM FOR RELIEF

(Intentional Interference with Prospective Economic Advantage Against All Defendants)

106.        Plaintiffs refer to the allegations set forth in Paragraphs 1 through 105 above and incorporates the same herein by this reference.

107.        Plaintiffs are informed and believe, and thereon allege that Defendants intentionally interfered with Plaintiffs' businesses by clandestinely logging into Plaintiffs' Amazon account to change price and product information so Plaintiffs would have to breach their obligations with their Amazon customers.

108.        Plaintiffs had economic relationships with Amazon which was likely to produce future economic benefit for the Plaintiffs.  Plaintiffs had invested a significant amount of time and expense in their relationships with Amazon.

109.        Plaintiffs are informed and believe, and thereon allege that a reasonable probability exists that Plaintiffs would have realized lost economic advantages but for Defendants' interference with Plaintiffs' economic relationships with Amazon their customers.

110.        Plaintiffs are informed and believe, and thereon allege that Defendants had knowledge of the aforementioned economic relationships because Dadbin previously worked for Plaintiffs' with said third parties, and, as also alleged,

Dadbin took proprietary information and software from Plaintiffs' computers.

111.     Plaintiffs are informed and believe, and thereon allege that Defendants intentionally changed information in Plaintiffs' Amazon listings, in order to damage Plaintiffs' businesses and economic relationships.

112.     Plaintiffs are informed and believe, and thereon allege that Defendants engaged in the wrongful conduct alleged herein either with the desire to interfere or the knowledge that interference was certain or substantially certain to injure Plaintiff's business and economic relationships as well as their general reputations in the industry.

113.     Plaintiffs are informed and believe, and thereon allege that as a direct and proximate result of the Defendants' intentional interference with Plaintiffs' economic relationships, Plaintiff has sustained damage to its profits, business, and goodwill.

## SIXTEENTH CLAIM FOR RELIEF

### (Trade Libel Against All Defendants)

114.     Plaintiffs refer to the allegations set forth in Paragraphs 1 through 113 above and incorporates the same herein by this reference.

115.     Plaintiffs are informed and believe, and thereon allege that Defendants' actions in changing Plaintiffs' Amazon account, stating to the seller of the Barcodes that they were the true owners of the Barcodes and the UPC certificates, and their use of Plaintiffs' intellectual property and trade names were false and disparaged Plaintiffs' reputations.

116.     Plaintiffs are informed and believe, and thereon allege that Defendants' actions amounted to publishing false, disparaging statements to a wide range of persons in the public.

117.     Plaintiffs are informed and believe, and thereon allege that Defendants intentionally published the false and disparaging statements about

Plaintiffs causing them to suffer damages, including, but not limited to, injury to their reputations and goodwill.

118.        Plaintiffs are informed and believe, and thereon allege that Defendants published these false and defamatory statements with constitutional malice in that Defendants knew that the statements were false, or acted with reckless disregard as to the falsity of the statements.

119.        Plaintiffs are informed and believe, and thereon allege that Plaintiffs are entitled to general damages for damages to their reputations in accordance with proof at trial.

120.        Plaintiffs are informed and believe, and thereon allege that as a direct and proximate result of the Defendants' false and disparaging statements, Plaintiffs have sustained damage to their profits, business, and goodwill and are entitled to special damages for the damage done to their property, business, trade, profession, or occupation.

121.        Plaintiffs are informed and believe, and thereon allege that Defendants acted with reckless, willful or callous disregard for Plaintiffs' rights and with malice, fraud and oppression toward Plaintiffs, thereby entitling Plaintiffs to an award of punitive damages in accordance with proof at trial.

## SEVENTEENTH CLAIM FOR RELIEF

### (Injunctive Relief Against All Defendants)

122.        Plaintiffs refer to the allegations set forth in Paragraphs 1 through 121 above and incorporates the same herein by this reference.

123.        Plaintiffs are informed and believe, and thereon allege that Defendants will continue to interfere with Plaintiffs' economic and business relationships, such as, but not limited to, continuing to change information in Plaintiffs' Amazon account and continuing to seek dominion and control over the Barcodes and UPC Certificates.

124.        Plaintiffs are informed and believe, and thereon allege that Defendants' ongoing interference, unless and until enjoined and restrained by order of this Court, will cause grave and irreparable injury to Plaintiffs.

125.        Plaintiffs are informed and believe, and thereon allege that Plaintiffs have no adequate remedy at law for the ongoing and threatened conduct in that it would be impossible for Plaintiffs to determine the precise amount of damages Plaintiffs will suffer if Defendants' conduct is not restrained and Defendants are insolvent, own no real property, have no significant assets, and are likely to leave the country.

## EIGHTEENTH CLAIM FOR RELIEF

(Federal Unfair Competition and False Designation of Origin Against All Defendants)

126.        Plaintiffs refer to the allegations set forth in Paragraphs 1 through 125 above and incorporates the same herein by this reference.

127.        Plaintiffs are informed and believe, and thereon allege that Defendants' continue to use the mark "Murano Home Furnishing," or marks which closely resemble and/or are substantially indistinguishable from that mark, in their businesses, websites, and on advertising and promotion materials.

128.        Plaintiffs are informed and believe, and thereon allege that Defendants' continue to use the mark "Murano Home Furnishing," or marks which closely resemble and/or are substantially indistinguishable from that mark, in their businesses, websites, and on advertising and promotion materials constitutes a false designation of origin, false or misleading description of fact, or false or misleading representation of fact which is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person, or as to the origin, sponsorship, or approval of the Defendants' commercial activities by Plaintiffs.

129.         Plaintiffs are informed and believe, and thereon allege that Defendants' continue to use the mark "Murano Home Furnishing," or marks which closely resemble and/or are substantially indistinguishable from that mark, in their businesses, websites, and on advertising and promotion materials constitutes a false designation of origin, false or misleading description of fact, or false or misleading representation of fact which in commercial advertising or promotion, misrepresents the nature, characteristics, or qualities of Defendants' commercial activities and products.

130.         Plaintiffs are informed and believe, and thereon allege that such conduct by Defendants is likely to confuse, mislead, and deceive Plaintiffs' customers, purchasers, and members of the public as to the origin of the Defendants' services and products or cause said persons to believe that Defendants and/or its products have been sponsored, approved, authorized, or licensed by Plaintiffs or are in some way affiliated or connected with Plaintiffs, when they are not.  In fact, Plaintiffs have received communications from the general public inquiring if they are associated with Defendants.

131.         Plaintiffs are informed and believe, and thereon allege that Defendants actions were undertaken willfully with full knowledge of the falsity of such designation of origin and false descriptions or representations.

132.         Plaintiffs are informed and believe, and thereon allege that Defendants have derived and received, and will continue to derive and receive, gains, profits, and advantages from their false designation of origin, false or misleading statements, descriptions of fact, or false or misleading representations of fact in an amount that is not presently known to Plaintiffs, but, by reason of Defendants' actions, constituting false designation of origin, false or misleading statements, false or misleading descriptions of fact, or false or misleading representations of fact, Plaintiffs have been damaged and is entitled to monetary

relief in an amount to be determined at trial.

133.        Plaintiffs are informed and believe, and thereon allege that due to Defendants' actions, Plaintiffs have suffered and continues to suffer great and irreparable injury.

**NINETEENTH CLAIM FOR RELIEF**

(Common Law Trademark Infringement Against All Defendants)

134.        Plaintiffs refer to the allegations set forth in Paragraphs 1 through 133 above and incorporates the same herein by this reference.

135.        Plaintiffs are informed and believe, and thereon allege that Defendants' acts complained of herein are willful and deliberate and committed with knowledge that Defendants' unauthorized use of the mark "Murano Home Furnishing," or marks which closely resemble and/or are substantially indistinguishable from that mark, in their businesses, websites, and on advertising and promotion materials causes a likelihood of confusion.  In fact, Plaintiffs have received communications from the general public inquiring if they are associated with Defendants.

136.        Plaintiffs are informed and believe, and thereon allege that Defendants have derived and received and will continue to derive and receive, gains, profits and advantages from Defendants' trademark infringement in an amount that is not presently known to Plaintiffs, but, by reason of Defendants' wrongful acts as alleged in this Complaint, Plaintiffs have been damaged and is entitled to monetary relief in an amount to be determined at trial.

137.        Plaintiffs are informed and believe, and thereon allege that due to Defendants' trademark infringement, Plaintiffs have suffered and continues to suffer great and irreparable injury for which Plaintiffs have no adequate remedy at law.

138.        Plaintiffs are informed and believe, and thereon allege that

Defendants' willful acts of trademark infringement under common law constitute fraud, oppression, and malice make Plaintiffs entitled to exemplary damages.

## TWENTIETH CLAIM FOR RELIEF

(Palming Off Against All Defendants)

139.        Plaintiffs refer to the allegations set forth in Paragraphs 1 through 138 above and incorporates the same herein by this reference.

140.        Plaintiffs are informed and believe, and thereon allege that as set forth above, Defendants, and each of them, have used marks which closely resemble and are substantially indistinguishable from their trademarks without their consent.

141.        In fact, Plaintiffs have received communications from the general public inquiring if they are associated with Defendants.

142.        Plaintiffs are informed and believe, and thereon allege that Defendants' use of marks which are identical, closely resemble, or are substantially indistinguishable from Plaintiffs' trademarks without Plaintiffs' consent constitutes a false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which has and is likely to further cause confusion, or to cause mistake, or to deceive as to the source of Defendants' services.

143.        Plaintiffs are informed and believe, and thereon allege that such conduct by Defendants has and is likely to further confuse, mislead, and deceive Plaintiffs' and Defendants' customers and members of the public as to the origin of Defendants' services and products, or cause said persons to believe that Defendants and/or their products have been sponsored, approved, authorized, or licensed by Plaintiffs or are in some way affiliated or connected with Plaintiffs, when they are not.

144.        Plaintiffs are informed and believe, and thereon allege that

Defendants' actions were undertaken willfully with full knowledge of the falsity of such designation of origin and false descriptions or representations.

145.      Plaintiffs are informed and believe, and thereon allege that Defendants have derived and received, and will continue to derive and receive, gains, profits, and advantages from Defendants' false designation of origin, false or misleading statements, descriptions of fact, or false or misleading representations of fact in an amount that is not presently known to Plaintiffs.

146.      Plaintiffs are informed and believe, and thereon allege that by reason of Defendants' actions, constituting false designation of origin, false or misleading statements, false or misleading descriptions of fact, or false or misleading representations of fact, Plaintiffs have been damaged and is entitled to monetary relief in an amount to be determined at trial.

147.      Plaintiffs are informed and believe, and thereon allege that due to Defendants' actions, constituting false designation of origin, false or misleading statements, false or misleading description of fact, or false or misleading representations of fact, Plaintiffs have suffered and continues to suffer great and irreparable injury, for which Plaintiffs have no adequate remedy at law.

WHEREFORE, Plaintiffs, Hakim, SJD, and Mybecca, pray for judgment against Defendants, and each of them, as follows:

### FIRST CAUSE OF ACTION

1.      For an Order by the Court that Plaintiffs are entitled to be indemnified by Defendants for all claims by third parties;

2.      For an Order by the Court that Plaintiff is entitled to reimbursement for all sums expended by Plaintiffs in connection with the formation, development, operation, management, and defense of SJD and Mybecca;

3.      For an Order that Defendants, and each of them, defend and hold Plaintiff harmless from and against any claims by third parties in connection with the

formation, development, operation, management, and defense of SJD and Mybecca;

4.      For prejudgment interest;

5.      For costs of suit incurred herein; and

6.      For such other and further relief as the court may deem proper.

### SECOND CAUSE OF ACTION

1.      For general damages according to proof, but not less than $1,000,000.00;

2.      For an Order making the Plaintiffs the designated rights holders to the Barcodes, UPC Certificates, and the party in interest to the contract with the Canadian;

3.      For attorney's fees according to proof;

4.      For punitive damages;

5.      For costs of suit incurred herein;

6.      For such other and further relief as the court may deem just and proper.

### THIRD CAUSE OF ACTION

1.      For general damages according to proof, but not less than $1,000,000.00;

2.      For special and consequential damages according to proof;

3.      For attorney's fees according to proof;

4.      For punitive damages;

5.      For costs of suit incurred herein;

6.      For such other and further relief as the court may deem just and proper.

### FOURTH CAUSE OF ACTION

1.      For general damages according to proof, but not less than $1,000,000.00;

2.      For special damages according to proof;

3.      For prejudgment interest;

4.      For attorney's fees according to proof;

5.     For an Order granting Plaintiff a lien on the revenues of ST

6.     For punitive damages;

7.     For costs of suit incurred herein;

8.     For a temporary restraining order, preliminary injunction, and permanent injunction mandating and restraining Defendants, and each of them, accordingly;

9.     For such other and further relief as the court may deem just and proper.

## FIFTH CAUSE OF ACTION

1.     For general damages according to proof, but not less than $1,000,000.00;

2.     For special damages according to proof;

3.     For prejudgment interest;

4.     For attorney's fees according to proof;

5.     For punitive damages;

6.     For costs of suit incurred herein;

7.     For such other and further relief as the court may deem just and proper.

## SIXTH CAUSE OF ACTION

1.     For a declaration that Defendants, and each of them, hold the property in trust for the Plaintiffs;

2.     For an order requiring Defendants, and each of them, to re-convey all such property remaining in Defendants' possession to Plaintiffs;

3.     For attorney's fees according to proof;

4.     For costs of suit incurred herein;

5.     For such other and further relief as the court may deem just and proper.

## SEVENTH CAUSE OF ACTION

1.     For an order quieting title in Defendants;

2.     For an order restoring title of the property to Plaintiffs;

3.     For an order adjudging that Defendants have no right, title, claim, or other interest in the property;

4.    For attorney's fees according to proof;

5.    For costs of suit incurred herein;

6.    For such other and further relief as the court may deem just and proper.

### EIGHTH CAUSE OF ACTION

1.    For a declaration by the court as to the rights, duties, and obligations of the parties under the aforesaid contracts and agreements, and the transactions contemplated thereby;

2.    For a declaration by the court that Plaintiffs have a right to compel performance by the Defendants, and each of them, under the terms of the contracts and agreements and that Plaintiffs are entitled to possession, ownership, and title to the aforesaid interests in the Barcodes, UPC Certificates, the Canadian deal, and the properties owned and the revenues from those businesses, and that Defendants breached the aforementioned agreements and committed fraud and embezzlement;

3.    For attorney's fees according to proof;

4.    For costs of suit incurred herein;

5.    For such other and further relief as the court may deem just and proper.

### NINETH CAUSE OF ACTION

1.    For the principle sum of $1,000,000.00;

2.    For prejudgment interest;

3.    For attorney's fees according to proof;

4.    For costs of suit incurred herein;

5.    For such other and further relief as the court may deem just and proper.

### TENTH CAUSE OF ACTION

1.    For the appointment of a receiver pedente lite to take over the management, control, operations, and to take an accounting of Murano, Inc., Murano Shades, Inc., Urban Mall, Murano World Imports;

2.    For attorney's fees according to proof;

3.    For costs of suit incurred herein;

4.    For such other and further relief as the court may deem just and proper.

### ELEVENTH CAUSE OF ACTION

1.    For consequential and compensatory damages according to proof, but not less than $1,000,000.00;

2.    For prejudgment interest;

3.    For attorney's fees according to proof;

4.    For costs of suit incurred herein;

5.    For such other and further relief as the court may deem just and proper.

### TWELFTH CAUSE OF ACTION

1.    For general damages according to proof at trial, but not less than $1,000,000.00.

2.    For special damages according to proof;

3.    For prejudgment interest;

4.    For attorney's fees according to proof;

5.    For punitive damages;

6.    For costs of suit incurred herein;

7.    For such other and further relief as the court may deem just and proper..

### THIRTEENTH CAUSE OF ACTION

1.    For general damages according to proof, but not less than $1,000,000.00;

2.    For special damages according to proof;

3.    For prejudgment interest;

4.    For attorney's fees according to proof;

5.    For punitive damages;

6.    For costs of suit incurred herein;

7.    For such other and further relief as the court may deem just and proper.

### FOURTEENTH CAUSE OF ACTION

1.    For general damages according to proof, but less than $1,000,000.00.

2.    For special damages according to proof;

3.    For prejudgment interest;

4.    For attorney's fees according to proof;

5.    For punitive damages;

6.    For costs of suit incurred herein;

7.    For such other and further relief as the court may deem just and proper.

### FIFTEENTH CAUSE OF ACTION

1.    For injunctive relief;

2.    For general damages according to proof, but less than $1,000,000.00.

3.    For special damages according to proof;

4.    For prejudgment interest;

5.    For attorney's fees according to proof;

6.    For punitive damages;

7.    For costs of suit incurred herein;

8.    For such other and further relief as the court may deem just and proper.

### SIXTEENTH CAUSE OF ACTION

1.    For the disgorgement of profits according to proof at time of trial;

2.    For general damages according to proof;

3.    For special damages according to proof; and

4.    For attorney's fees according to proof;

5.    For punitive damages;

6.    For costs of suit incurred herein;

7.    For such other and further relief as the court may deem just and proper.

### SEVENTEENTH CAUSE OF ACTION

1.    For a temporary restraining order, a preliminary injunction, and a permanent injunction all enjoining Defendants and Defendants' agents, attorneys, and

representatives, and all persons acting in concert or participating with them from interfering with Plaintiff's business through use of false, defamatory, and disparaging statements, to cease and desist from issuing and sending letters to third parties claiming ownership of Plaintiffs' properties, from using the "Murano" trademark, or any variations and/or derivatives thereto, and to allow the Plaintiffs to manage, operate, administer, and use the Barcodes, UPC certificates, the Online Retail Website accounts, and their Paypal accounts.

## EIGHTEENTH, NINETEENTH, AND TWENTIETH CAUSES OF ACTION

1.      That Defendants be required to account for any and all profits derived by their acts of trademark infringement, false designation of origin, unfair competition, and infringement of the rights of publicity complained of in this Complaint;

2.      That Defendants' acts of trademark infringement, false designation of origin, unfair competition, and infringement of the rights of publicity complained of in this Complaint be deemed willful, that this be deemed an exceptional case, and that Plaintiffs be entitled to enhanced damages;

3.      That Plaintiffs be awarded damages for Defendants' trademark infringement pursuant to 15 U.S.C. § 1117 in the form of either: (i) Defendants' profits, damages sustained by Plaintiffs, and the costs of the action; or (ii)statutory damages pursuant to 15 U.S.C. § 1117(c), at Plaintiff's election before the entry of a final judgment;

4.      That the amount of the profits or damages be increased three times, pursuant to 15 U.S.C. §1117(b), to properly compensate Plaintiffs for Defendants' actions;

5.      The Plaintiffs be awarded damages for Defendants' common law trademark infringement;

6.      For attorney's fees according to proof;

7.      For punitive damages;

8.      For costs of suit incurred herein;

9.      For such other and further relief as the court may deem just and proper.


Dated: July 24, 2015                    ADLI LAW GROUP P.C.


                                        By: /s/*Dariush G. Adli, Esq.*
                                        Dariush G. Adli, Esq.
                                        Drew H. Sherman, Esq.
                                        Attorney for Plaintiffs

## DEMAND FOR JURY TRIAL

Plaintiffs, David Hakim, San Julian Discount Mart, Inc. f/b/n Murano Home Furnishing; and Mybecca, Inc. hereby demand a trial by jury on all triable claims.

Respectfully submitted,

Dated: July 24, 2015

ADLI LAW GROUP P.C.

By: /s/ *Dariush G. Adli, Esq.*
Dariush G. Adli, Esq.
Drew H. Sherman, Esq.
Attorney for Plaintiffs