**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

OCT 14 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DAVID HAKIM; et al., | No.  18-55674 |
| Plaintiffs-Appellants, | D.C. No. 2:15-cv-05633-JVS-PLA |
| v. | |
| MURANO, INC., AKA Urban Mall, a California corporation; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
James V. Selna, District Judge, Presiding

Argued and Submitted October 7, 2021
Pasadena, California

Before: GRABER and CHRISTEN, Circuit Judges, and ZOUHARY,** District Judge.

Plaintiffs David Hakim; San Julian Discount Mart, Inc.; and Mybecca, Inc.; timely appeal the dismissal of their trademark action. Reviewing for abuse of discretion, Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986), we affirm.

---

\*    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*    The Honorable Jack Zouhary, United States District Judge for the Northern District of Ohio, sitting by designation.

The district court did not abuse its discretion in dismissing the action under Federal Rule of Civil Procedure 41(b). See Henderson, 779 F.2d at 1423 (explaining the factors that we consider in evaluating whether dismissal was appropriate). Following a history of non-compliance with pre-trial deadlines, the district court's orders, and the local rules, the district court vacated the trial and ordered the parties to attend twelve hours of conferences. The district court twice warned Plaintiffs that their failure to file a fresh pre-trial order on time could lead to dismissal. Despite those warnings, Plaintiffs did not comply with the deadline that the district court had set for a new pre-trial order. Nor did Plaintiffs comply with the district court's order that Plaintiffs' lead counsel be present for discussions with Defendants' lead counsel. Although public policy favors disposition of an action on the merits, on this record, Plaintiffs' pattern of non-compliance foreclosed any assumption that more time and more effort would have been fruitful.

Plaintiffs correctly point out that the district court similarly warned Defendants that their counterclaims were subject to dismissal and that Defendants, too, contributed to the delay and failed to cooperate. Defense counsel stipulated on the record, at oral argument, that Defendants will dismiss all counterclaims, with prejudice. Therefore, we need not decide whether the district court abused its discretion by not dismissing the counterclaims when it dismissed the complaint.

Because the district court did not abuse its discretion in dismissing the action, we need not and do not reach any other issues raised on appeal.

**The dismissal of the Complaint with prejudice is AFFIRMED. Defendants shall promptly dismiss on the district court docket all counterclaims with prejudice, after which this case will be closed.**