UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.    2:15-cv-05633-JVS-PLA                                Date    November 16, 2021

Title    David Hakim, et al. v. Murano, Inc., et al.

Present: The Honorable    **James V. Selna, U.S. District Court Judge**

| Lisa Bredahl | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:**    **[IN CHAMBERS] Order Regarding Motion to Dismiss Counterclaims**

Apellee, Defendant, and Counterclaimant Bahram Dadbin ("Dadbin") moves to voluntarily dismiss his Second Amended Counterclaim ("SACC") against Apellants, Plaintiffs, and Counterdefendants David Hakim, San Julian Discount Mart, Inc., f/b/n Murano Home Furnishing, and Mybecca, Inc. (collectively, "Plaintiffs") with prejudice. Mot., Dkt. No. 256. The motion is unopposed.

## I. Background

On October 14, 2021, the Ninth Circuit Court of Appeals affirmed the district court's dismissal of Plaintiffs' trademark action with prejudice based on non-compliance with pre-trail deadlines. Order, Dkt. No. 254, at 2. Before the Ninth Circuit, Dadbin stipulated to dismiss his counterclaims with prejudice over no objection by Plaintiffs. Id. Thereafter, the Ninth Circuit ordered Dadbin to dismiss on the district court docket all counterclaims with prejudice, noting that the case will be closed thereafter. Id.

## II. Legal Standard

Under Rule 41(a)(2) of the Federal Rules of Civil Procedure, "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). "This rule applies to dismissal of any counterclaim, crossclaim, or third-party claim." Fed. R. Civ. P. 41(c). The decision to grant or deny a request to dismiss pursuant to Rule 41(a)(2) is within the district court's sound discretion. Sams v. Beech Aircraft Corp., 625 F.2d 273, 277 (9th Cir. 1980) (internal citation omitted). "A district court should grant a motion for voluntary dismissal under Rule

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:15-cv-05633-JVS-PLA | Date | November 16, 2021 |
|---|---|---|---|
| Title | David Hakim, et al. v. Murano, Inc., et al. | | |

41(a)(2) unless a defendant can show that it will suffer some plain legal prejudice as a result." Smith v. Lenches, 263 F.3d 972, 975 (9th Cir. 2001) (citing Waller v. Fin. Corp. of Am., 828 F.2d 579, 583 (9th Cir. 1987)). Legal prejudice means "prejudice to some legal interest, some legal claim, [or] some legal argument." Westlands Water Dist. v. United States, 100 F.3d 94, 97 (9th Cir. 1996).

In resolving a motion under Rule 41(a)(2), a court must determine whether to allow dismissal, whether the dismissal should be with or without prejudice, and what terms and conditions, if any, should be imposed. See Williams v. Peralta Cnty. Coll. Dist., 227 F.R.D. 538, 539 (N.D. Cal. 2005).

### III. DISCUSSION

Here, Dadbin stipulated to dismiss his counterclaims with prejudice before the Ninth Circuit Court of Appeals, over no objection by Plaintiffs, and the Ninth Circuit ordered Dadbin to dismiss on the district court docket the counterclaims with prejudice. As Dadbin's motion for voluntary dismissal is unopposed, the Court does not find that Plaintiffs will suffer any legal prejudice as a result of the dismissal. Accordingly, the Court dismisses the counterclaims with prejudice.

### IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** the motion to voluntarily dismiss the Second Amended Counterclaims with prejudice.

**IT IS SO ORDERED.**

The Court finds that oral argument would not be helpful in this matter. Fed. R. Civ. P. 78; L.R. 7-15. Hearing set for November 29, 2021, is **VACATED**.

|  | : | 0 |
|---|---|---|
| Initials of Preparer | lmb | |